**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00146-12 |
| | CIVIL ACTION NO. 14-02573 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JASON SIMON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Jason Simon's ("Simon") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 717). Simon seeks to have his sentence corrected on the grounds of ineffective assistance of counsel. For the reasons discussed herein, Simon's Motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 15, 2011 a federal grand jury filed charges against Simon and twenty-one co-defendants in a two-count indictment. See Record Document 1. The indictment alleged that the defendants had engaged in a conspiracy to advertise the distribution of child pornography. See id. All were alleged members of an on-line bulletin board used for distributing child pornography known as "Dreamboard."

On April 12, 2012, Simon pleaded guilty to Count One of the indictment. See Record Document 485. A little over a week before the sentencing hearing, the government filed its sentencing memorandum, which recommended Simon receive the maximum sentence allowed by law, thirty years in prison. That recommendation was based on "the nature and number of the defendant's posts as well as the fact that the defendant actively sexually exploited at least two children." The recommendation was not based on the sentencing guidelines, but rather on the factors listed in 18 U.S.C. § 3553(a).

1

Simon's trial counsel did not file a response to the government's memo. On August 2, 2012, the Court sentenced Simon to 360 months' imprisonment and five years of supervised release. See Record Document 590. Simon appealed his sentence. See Record Document 594. On June 24, 2013, the Fifth Circuit Court of Appeals affirmed his sentence. See Record Document 687. On August 21, 2014, Simon timely filed the instant § 2255 Motion. See Record Document 717.

## LAW AND ANALYSIS

I. **Legal Standards**

   A. **Motions to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255**

The federal habeas corpus remedy is contained in 28 U.S.C. § 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set aside, or correct his sentence within a year after his conviction has become final. Review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, after conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164 (1982). According to the Supreme Court, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks . . . to the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65.

Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168; Shaid, 937 F.2d at 232. To establish "cause," defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second § 2255 motion). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

### B. Ineffective Assistance of Counsel.

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693-94 (2003). This "procedural default rule is neither a statutory nor constitutional requirement, but it is

3

a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. See id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See id. Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. See id. at 690. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome."

4

<u>Strickland</u>, 466 U.S. at 694. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." <u>United States v. Saenz-Forero</u>, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the <u>Strickland</u> test, his claim of ineffective assistance of counsel must be denied. <u>See</u> <u>Bryant</u>, 28 F.3d at 1415. To show that an attorney's performance at sentencing in a noncapital case was prejudicial under <u>Strickland</u>, the claimant must demonstrate that counsel's error led to some increase in the length of imprisonment. <u>See</u> <u>Glover v. United States</u>, 531 U.S. 198, 203, 121 S.Ct. 696, 700 (2001).

### i. Ineffective Assistance of Counsel at Sentencing

Simon argues his defense attorney, Jeffrey S. Harrelson ("Harrelson"), rendered ineffective assistance in: 1) preparing objections to the PSR;[1] 2) not understanding the importance of the allegations concerning Simon and the two minor girls;[2] and 3) failing to obtain a psychological evaluation, more specifically a risk assessment evaluation.

We need not address whether Harrelson's alleged failure to obtain a risk assessment evaluation was constitutionally deficient because Simon cannot show that he was prejudiced by Harrelson's alleged failure. <u>See</u> <u>Strickland</u>, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed"). Under <u>Strickland</u>, the claimant must demonstrate that counsel's error led to some increase in the length of

---

[1] Simon concedes this argument in his Reply to Government's Memorandum, "Regardless of the objections and their merit or lack thereof, even had counsel prepared better objections to the guidelines calculations, that would not have resulted in a lower sentence for Simon." Record Document 748 at 5.

[2] Simon argues that Harrelson's ignorance prevented him from "preparing a response" to the allegations of Simon's conduct with the minor girls. <u>See</u> Record Document 717-1 at 23. Simon does not state what response Harrelson could have prepared except for obtaining a psychological evaluation. Accordingly, the Court will only address Harrelson's failure to obtain a psychological evaluation.

5

imprisonment. See Glover, 531 U.S. at 203. Simon must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray, 736 F.2d at 282. To asses that probability, we consider "the totality of the available mitigation evidence—both that adduced at trial, and the evidence adduced in the habeas proceeding" and "reweigh[h] it against the evidence in aggravation." Porter v. McCollum, 558 U.S. 30, 41, 130 S.Ct. 447, 453-54 (2009).

In the instant case, the sentencing guidelines suggested a sentence between 210 and 262 months. Under the relevant statutes, the maximum term of imprisonment was not less than fifteen years nor more than thirty years. See 18 U.S.C. §§2251(d)(1)&(e). The Court sentenced Simon to the maximum of thirty years. Simon is unable to prove there is a reasonable probability that, but for Harrelson's failure to obtain a psychological evaluation, he would have received less time in prison.

The Court relied on 18 U.S.C. § 3553(a) in determining the appropriate sentence. The factors include: 1) the nature and circumstances of the offense and character and history of the defendant; 2) the need for the sentence imposed to, A) reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; B) to provide adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant; and D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. See id.

Simon's habeas counsel, Michael T. Shannon, argues the only way Harrelson could defend against the thirty year sentence was to argue the sentence was not necessary to serve the purposes set out in 18 U.S.C. § 3553(a)(2)(b), specifically to

provide adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. See Record Document 717-1 at 17. "The obvious way…was to obtain a risk assessment evaluation from a qualified psychologist." Id. Harrelson's failure to do what "any competent defense attorney" would have done prejudiced Simon. Habeas counsel states, "there is a reasonable probability that had Harrelson obtained a risk assessment evaluation … Simon's sentence would have been less than 30 years." Id. at 18.

In addition to the mitigating evidence adduced at the sentencing hearing: Simon's lack of criminal history; the role drug abuse played in this offense; and that Simon had cooperated with authorities, habeas counsel now submits a risk assessment evaluation of Simon performed by Dr. Gregory A. Pritchard. See Record Document 717-2 at 146. Dr. Pritchard's opinion is that although Simon may have committed prior acts of child exploitation and molestation, he is a low risk to reoffend, and his behavior can be easily managed and controlled out of a prison setting. See id. at 153.

The tests Dr. Pritchard used are the Static-99R actuarial tool and the PCL-R psychological test. See id. at 151. The Static-99R rates a sex offender's risk to reoffend. See id. According to Dr. Pritchard, a high risk score on this actuarial measure is a six or above. See id. Simon scored a two. See id. Dr. Pritchard found there is a very low probability, about 6% in five years, that Simon would sexually offend a child in the future. See id. The PCL-R was used to identify whether Simon is a psychopath or has psychopathic tendencies. See id. Simon's score showed he is not a psychopath and he does not have psychopathic tendencies. See id. After considering all the information, Dr.

Pritchard formed the opinion that Simon "possesses the variables that are more closely associated with low risk offenders." Id. at 153.

Because the risk assessment supports that Simon is not a danger to the public and is a low risk to reoffend, habeas counsel contends Harrelson could have argued neither of those § 3553(a)(2) sentencing purposes would be served by imprisoning Simon for thirty years. Habeas counsel contests the Court's purpose for "adequate deterrence to further criminal conduct *by* Simon" (emphasis added) will not be served because he is a low risk to reoffend. However, habeas counsel is incorrect in assuming the deterrence factor applies to Simon specifically. The Court's purpose for deterrence is not limited just to Simon, but a deterrence to the general public. See 18 U.S.C. § 3553(a)(2). "General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence." United States v. Arellano-Rocha, 946 F.2d 1105, 1108 (5th Cir. 1991). As the government suggests, "a significant sentence is appropriate to deter those who would consider becoming a part of an organization that preys upon our children." Record Document 717-2 at 62.

The only mitigating effect of the report suggests Simon is a low risk to reoffend based on his Static-99R score. However, the Court must take into account the "double-edged nature" of the unpresented evidence. See Charles v. Stephens, 736 F.3d 380, 393–94 (5th Cir. 2013)(The court found if petitioner's counsel had discovered and presented medical records, the jury would have received a better picture of petitioner's mental history, but also would have seen, for example, instances where petitioner was violent towards peers, was charged with assault by threat, lost his temper, and was

suspended from school due to his hostile behavior). While Dr. Pritchard states Simon is a low risk to reoffend, the Court would have seen that Simon suffers from pedophilia,[3] has a severe addiction to methamphetamine, and has a history of abuse of cocaine and cannabis. See Record Document 717-2 at 152. Dr. Pritchard finds Simon's severe addiction and history of drug abuse as aggravating factors. See id.

Even if the evaluation mitigates the Court's reasoning to prevent future crimes of Simon, it is not reasonably probable the Court's sentencing would differ. The Court looked heavily to the relevant conduct in this particular matter to determine its sentence. See Record Document 717-2 at 88. "I've looked at [Simon]'s personal history, the characteristics, and the facts outlined in the Presentence Report ("PSR") and in the information contained in the sentencing memorandum" in arriving at this sentence. Id. "There is no question about the involvement with the 12-year-old and improper touching, and, again, of someone under the age of 12—being younger still, age 7." Id. at 89. The Court incorporated paragraphs forty-four and forty-five of the PSR as justification.[4] See id. Simon's mitigating evidence does nothing to rebut or disprove the allegations involving the young girls alleged by the government. In fact, the evaluation's "doubled-edged nature" again hinders habeas counsel's argument because he freely admits to the improper conduct with the two girls in Pritchard's report. See Record Document 717-2 at 149-50.

---

[3] Dr. Pritchard states, "this simply means [Simon] does feel some sexual attraction to prepubescent girls in age range of about 7 to 12."

[4] Paragraphs 44 and 45 of the PSR regard the arrest report prepared by the Glendale, California Police Department. An investigation revealed Simon entered the bathroom with a camera while the seven year-old girl was showering and took pictures of her while instructing her to pose in various positions.

When the Court weighs the totality of mitigating evidence against the evidence in aggravation, there is no reasonable probability that the omitted evidence would have changed the sentence due to the overwhelming amount of aggravating evidence. In addition to his involvement with Dreamboard, Simon sexually exploited and molested a twelve year old girl by touching her breasts.[5] He videotaped the exploitation and admitted to masturbating while watching the video. He also cleaned sand from the child's uncovered vagina. Simon also exploited another young girl, age seven, in 2003. According to arrest reports, Simon took nude photographs, including a full body shot, of the victim. Simon continued to take additional photos while instructing the girl to pose in various positions. The poses included seated with her legs extended and spreading her vaginal lips with her own hand. The risk assessment does nothing to rebut these claims. "Given the overwhelming aggravating factors, there is no reasonable probability that the omitted evidence would have changed the conclusion that the aggravating circumstances outweighed the mitigating circumstances and, hence, the sentence imposed." Strickland, 466 U.S. at 700, 104 S. Ct. at 2071. Therefore, Simon is unable to prove he was prejudiced by Harrelson's failure to obtain a risk assessment analysis.

### ii. Ineffective Assistance of Counsel on Appeal

Simon's second claim is that his appellate counsel, also Harrelson, was ineffective because (1) the Appellant's Opening Brief ("AOB") was "totally deficient" and (2) Harrelson had a conflict of interest with Simon.

---

[5] Simon's actions were listed in the PSR. Information in a PSR is generally considered reliable. See United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995)("Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing. The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it"). Simon has not offered any evidence to demonstrate how the PSR is inaccurate; therefore, the Court was correct to adopt it.

To prevail on a claim that appellate counsel was ineffective, a petitioner must show that appellate counsel unreasonably failed to discover and assert a non-frivolous issue and establish a reasonable probability that he would have prevailed on this issue but for his counsel's deficient representation. See Briseno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001). However, appellate counsel are not required to assert every non-frivolous issue to be found effective. See Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir. 1989). Appellate counsel even has the discretion to exclude non-frivolous issues if they reasonably determine that the issue was unlikely to prevail. See Anderson v. Quarterman, 204 Fed.Appx. 402, 410 (5th Cir. 2006).

Habeas counsel fails to show how Harrelson failed to discover and assert a non-frivolous issue. Harrelson asserted that Simon's sentence did not reflect all of the statutory sentencing factors listed in 18 U.S.C. § 3553(a). Habeas counsel does not dispute whether this is a meritorious claim, but argues Harrelson failed to fully develop this argument. See Record Document 717-1 at 27. Habeas counsel compares the arguments made in the AOB to similar arguments made by Harrelson for which he was reprimanded by the Arkansas Supreme Court. See id. at 26. However, the United States Court of Appeals for the Fifth Circuit did not reprimand Harrelson in this case and did not order the attorney to file another brief.

Assuming arguendo that Harrelson's failure to fully develop his argument fell below the objective standard of reasonableness, habeas counsel cannot show that Simon suffered prejudice. The Fifth Circuit found the district court engaged in a detailed discussion of the specific facts that it considered in balancing the § 3553(a) factors and ruled the Court did not make a clear error in balancing those factors. See Record

11

Document 687 at 4. The Fifth Circuit noted that although the extent of the deviation was significant, "it was commensurate with the case-specific reasons given by the district court…and was not more excessive than other deviations that this court has affirmed." Id. Regardless of whether Harrelson could have made a better argument in his AOB, the Fifth Circuit found the district court engaged in a full discussion of the § 3553(a) factors and ruled the sentence was not an abuse of discretion. "Because Simon did not object to the depiction of his criminal conduct or offer rebuttal evidence to show that this information was false, inaccurate or unreliable, he has not shown that the district court was not entitled to consider it in determining his sentence." Id. Simon has failed to present any rebutting or disproving evidence against these allegations, which served as the crux for the Court's sentence. Therefore, habeas counsel cannot show how the result of the proceeding would have been different. See Murray, 736 F.2d at 282.

Next, habeas counsel suggests Harrelson should not have accepted the appointment to represent Simon on appeal because he had an actual conflict of interest with him. Habeas counsel argues that Simon's best issue on appeal was that he received ineffective assistance from Harrelson, but Harrelson failed to raise it. Habeas counsel cites to California state cases recognizing that trial attorneys cannot effectively raise the issue of their own ineffectiveness on appeal. See People v. Bailey, 9 Cal. App. 4th 1252, 1254 (1992); People v. Kipp, 26 Cal. 4th 1100, 1139 (2001). However, it is well established in the Fifth Circuit that ineffective assistance of counsel claims are not considered for the first time by an appellate court because the record is not sufficiently developed. See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). In fact, the Supreme Court has emphasized that a § 2255 motion is the preferred method for

raising a claim of ineffective assistance of counsel. See Massaro, 538 U.S. at 503. Since Harrelson could not raise the ineffective assistance of counsel claim on appeal, there was no conflict. Simon's claim is without merit.

**CONCLUSION**

Simon is unable to demonstrate the required prejudice suffered from Harrelson's alleged deficient performance under the Strickland test for establishing an ineffective assistance of counsel claim on his two arguments. Therefore, Simon's § 2255 Motion is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 22nd day of September, 2017.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE