UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00146-12 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JASON SIMON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a *pro se* Motion for Appointment of Counsel and for Compassionate Release filed by Defendant Jason Simon ("Simon"). See Record Document 818. Simon's *pro se* motion was filed on April 15, 2020. The Federal Public Defender's Office notified the Court on April 17, 2020 that its office would not be enrolling on behalf of Simon. Appointment of counsel is not required in this instance under the Criminal Justice Act. See U.S. v. Whitebird, 55 F.3d 1007 (5th Cir. 1995). The Court has also reviewed the record and declines to use its discretionary power to appoint counsel in this matter. Therefore, Simon's request for appointment of counsel is **denied**.

The Court will now move to Simon's request for compassionate release to home confinement, which the Government opposes. See Record Document 823. Simon is serving a 360 month term of imprisonment for conspiracy to advertise child pornography, in violation of 18 U.S.C. §§ 2251(d)(1) and (e). See Record Document 590. He was sentenced for such offense on August 2, 2012. See Record Document 587. He is presently serving his sentence at the FCI Seagoville. In his motion, Simon seeks compassionate release due to the COVID-19 pandemic and cites several "extraordinary" and "compelling" circumstances, including: (1) 80% blindness in his right eye, 20% blindness in his left eye, and a possible glaucoma diagnosis; (2) a colonoscopy screening

which revealed blood in his stool; and (3) high cholesterol and hypertension. Record Document 818 at 1-2.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Simon moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the Bureau of Prisons ("BOP") could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

    (1)    prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

    (2)    prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms. It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. The statute sets forth no exceptions to this mandatory statutory exhaustion requirement.

       Here, Simon does not allege that he sought relief from the BOP prior to the filing of the instant motion. The Court is well aware of the effects of the COVID-19 pandemic and the risk at all BOP facilities. Yet, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Simon's failure to exhaust his administrative remedies or to waive the 30-day waiting period. Accordingly, the Court does not have authority at this time to grant the relief Simons requests. See, generally, Ross v. Blake, --- U.S. ---, 136 S.Ct. 1850, 1856–57 (2016) (reviewing the Prisoner Litigation Reform Act and explaining that "mandatory [statutory] language means a court may not excuse a failure to exhaust"; This is because "a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion."); but see

Valentine v. Collier, No. 20-20207, 2020 WL 1934431, at *8 (5th Cir. Apr. 22, 2020) (Judge Higginson, concurring).[1]

The Court shares Simon's concerns about the effect of the COVID-19 outbreak in BOP facilities. However, those concerns are not being ignored by the BOP or this Court. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially

---

[1] In his concurring opinion, Judge Higginson stated:

> Second, our reasoning on PLRA's exhaustion requirement does not foreclose federal prisoners from seeking relief under the First Step Act's provisions for compassionate release. See 18 U.S.C. § 3582(c)(1)(A)(i). Though that statute contains its own administrative exhaustion requirement, several courts have concluded that this requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic. See, e.g., United States v. Russo, No. 16-cr-441 (LJL), 2020 WL 1862294, at *4–5 (S.D.N.Y. Apr. 14, 2020) (holding that, "[d]espite the mandatory nature of [the statute's] exhaustion requirement," the exhaustion bar is "not jurisdictional" and can therefore be waived); United States v. Smith, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2–3 (S.D.N.Y. Apr. 13, 2020) (citing cases); see also Vigna, 2020 WL 1900495, at *5–6 (identifying the difficulties of the First Step Act exhaustion question while ultimately deferring a ruling until the petitioner exhausted his remedies); but see United States v. Raia, 954 F.3d 594 (3rd Cir. 2020); United States v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020).

Valentine, 2020 WL 1934431, at *8.

affecting operations." See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/ 1266661/download (last visited 4/20/2020).  The BOP is actively executing the mandate to immediately review all inmates who have COVID-19 risk factors.  This Court believes the BOP is uniquely situated to perform such reviews in the first instance to determine if some type of release, removal, or furlough is appropriate.  The better judgment in this instance is to allow the BOP's established process a chance to work.

Additionally, Simon has moved for relief under Section 3582(c)(1)(A), which requires extraordinary and compelling reasons that warrant a reduction that is consistent with applicable policy statements issued by the Sentencing Commission.  The Sentencing Guidelines policy statement appears at Section 1B1.13.  Application Note 1 to the policy statement identifies medical condition of the defendant as an extraordinary and compelling reason when:

> The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory); or
>
> The defendant is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A).  Simon bears the burden of showing he meets the criteria for compassionate release.  See United States v. Heromin, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).  Simon's proffered reasons of (1) 80% blindness in his right eye, 20% blindness in his left eye, and a possible

glaucoma diagnosis; (2) a colonoscopy screening which revealed blood in his stool; and (3) high cholesterol and hypertension fail to meet the standard for compassionate release based upon medical condition of the defendant.  Moreover, his motion appears to be based on self-diagnosis and provides no support from a medical provider.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Simon's *pro se* Motion for Appointment of Counsel and for Compassionate Release (Record Document 818) be and is hereby **DENIED**.  He has failed to exhaust his administrative remedies as required by the statute.  Further, on the showing made, he has not demonstrated extraordinary and compelling reasons for a sentence modification.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of April, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT